Filed 9/15/23  Aguilar v. Dept. of Corrections CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ALEXIS AGUILAR,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>      Defendant and Respondent. | A165629<br><br>(Del Norte County<br>Super. Ct. No. CVPT2021-1052) |

Plaintiff Alexis Aguilar, an inmate at Pelican Bay Prison appearing in propria persona, appeals the dismissal of his petition for a writ of mandate, which sought an order compelling the California Department of Corrections and Rehabilitation (Department) to expunge from his prison file a 2013 disciplinary violation for participating in a hunger strike. While the appeal was pending, the Department placed a memorandum in Aguilar's prison file stating that the rules violation at issue has been determined not to be a violation under the reasoning of *In re Gomez* (2016) 246 Cal.App.4th 1082 (*Gomez*) and that Aguilar is not guilty of the violation. Because Aguilar has now obtained the relief he sought on appeal, we dismiss his appeal as moot.

1

## Background

On July 22, 2013, Aguilar was found guilty of a disciplinary violation after participating in a mass hunger strike and assessed a 90-day loss of custody credits against his sentence. Aguilar exhausted his inmate appeal challenging the disciplinary violation in January 2014.

In March 2016, Division Two of this court addressed a habeas petition filed by another inmate who was found guilty of participating in the same mass hunger strike as Aguilar. (*Gomez*, *supra*, 246 Cal.App.4th at p. 1086.) The court held that Gomez's participation in the hunger strike, which consisted of skipping nine consecutive meals to protest the conditions of solitary confinement at the prison, was not factually sufficient to support the Department's finding that Gomez had engaged in behavior that " 'might lead' " to " 'disorder' " that " 'endangers facility, outside community or another person.' " (*Id.* at pp. 1098–1100.) The court ordered prison officials to restore Gomez's lost credits and expunge the disciplinary violation from his prison file. (*Id.* at p. 1100.)

In December 2016, Aguilar filed an administrative grievance challenging the July 2013 disciplinary violation based on the *Gomez* decision. His grievance explained, "I was found guilty of the exact same rule violation for exactly the same circumstances" as Gomez. He requested that he be afforded the same treatment as Gomez following his appeal. After exhausting the administrative proceedings, Aguilar filed the present petition seeking a writ of mandate compelling the department to expunge his 2013 disciplinary violation on the ground that under *Gomez* the violation was not supported by sufficient evidence. The Department demurred on grounds that: (1) Aguilar could pursue his claim by filing a habeas petition; (2) the petition was barred by the statute of limitations and (3) Aguilar failed to show the Department

2

has a ministerial duty to expunge the disciplinary violation. The trial court sustained the Department's demurrer without leave to amend but advised Aguilar that his claim could be pursued by petition for writ of habeas corpus. Aguilar filed a notice of appeal.[1]

On our own motion, we take judicial notice of Aguilar's petition for writ of habeas corpus, filed in this court on January 31, 2023, under Case No. A167085. Aguilar's petition challenged the same rules violation at issue in the present appeal. On July 25, this court denied the petition after being notified by the Attorney General that the Department has placed a memorandum in petitioner's prison file stating that the rules violation at issue has been determined not to be a violation under the reasoning of *Gomez*, *supra*, 246 Cal.App.4th 1082 and that petitioner is not guilty of the violation.

On August 14, 2023, we gave the parties an opportunity to submit supplemental briefing as to whether the appeal is now moot. The Attorney General submitted a letter brief confirming the placement of the memorandum in Aguilar's prison file and arguing that the appeal should be dismissed as moot. Aguilar submitted an untimely letter brief arguing that the appeal is not moot because (1) the memorandum placed in his file is insufficient, (2) his petition sought relief on behalf of all inmates who suffered the same disciplinary violation, (3) the complaint "stated a cause of action as a matter of law" and (4) the petition presents an important question of law.

---

[1] Although Aguilar's notice of appeal refers to a judgment of dismissal, the appellate record contains no judgment. This appeal thus appears to have been taken from the order sustaining defendant's demurrer without leave to amend, which is not an appealable order under Code of Civil Procedure section 904.1. The absence of an appealable order provides an alternative basis on which this court dismisses the appeal.

**Discussion**

Aguilar has obtained the relief he sought on appeal, and thus, his appeal is moot. (*People v. J.S.* (2014) 229 Cal.App.4th 163, 170 ["[A]s a general matter, an issue is moot if 'any ruling by [the] court can have no practical impact or provide the parties effectual relief.' "].) Aguilar's arguments to the contrary are not persuasive.

Aguilar suggests the memorandum placed in his file is insufficient because the court, rather than the warden, should make the determination that the disciplinary violation is not supported by some evidence. The result, however, is the same. He is no longer subject to any penalty as a result of the violation.

Aguilar argues his appeal is not moot because his petition sought relief on behalf of all inmates who suffered the same violation. Aguilar misstates the allegations of his petition. Aguilar's petition contains no allegations purporting to represent unnamed inmates. His prayer for relief seeks a "peremptory writ commanding [the department] to reverse the [rules violation report], and expunge all references to this disciplinary charge from petitioner's file" or "[i]n the alternative, show cause why it should not do so, and thereafter issue a peremptory writ commanding [the department] to expunge all references to this disciplinary for all inmates affected by the identical charge." Given that Aguilar has obtained the primary relief requested, any alternative request for relief is immaterial.

Aguilar's argument that the complaint "stated a cause of action as a matter of law" is irrelevant. The sufficiency of the complaint does not affect the mootness of the appeal.

Finally, Aguilar argues the petition presents the following important question of law: Can a writ of mandate be used to challenge a due process

4

claim when no time credits are at stake? A court may make an exception to the mootness rule where the appeal "involves an important matter of public interest that is likely to recur, yet evade review." (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1150.) Aguilar, however, has made no showing that this issue is likely to evade review. This issue is directly tied to whether Aguilar had an adequate legal remedy in habeas proceedings, which several cases have already addressed. (Compare *In re Johnson* (2009) 176 Cal.App.4th 290, 297 [declining to review prison disciplinary violation that did not result in the loss of good time credits] with *In re Marti* (2021) 69 Cal.App.5th 561, 566-567 [reviewing a habeas claim challenging a prison disciplinary violation that did not result in the loss of good time credits because it could affect future classification and parole suitability decisions].) Accordingly, we decline Aguilar's request to exercise our discretion to address this issue.

### Disposition

The appeal is dismissed.

HIRAMOTO, J.[*]

WE CONCUR:

BROWN, P.J.

STREETER, J.

*Aguilar v. CA Dept. of Corrections* (A165629)

---

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.